UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHERYL SCOTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-18-493-G ) |
| ANDREW SAUL,<br>Commissioner of Social Security,[1] | ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Cheryl Scott brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Upon review of the administrative record (Doc. No. 10, hereinafter "R. _"),[2] and the arguments and authorities submitted by the parties, the Court reverses the Commissioner's decision and remands for further proceedings.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed her DIB application on June 26, 2015, alleging disability beginning December 18, 2014. R. 48, 185-86. The SSA denied her application initially

---

[1] The current Commissioner is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

and on reconsideration. R. 84-109. At Plaintiff's request, an administrative law judge ("ALJ") held a hearing on December 21, 2016, after which the ALJ issued an unfavorable decision on June 1, 2017. R. 45-64, 68-81.

The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 18, 2014, the alleged disability-onset date. R. 50. At step two, the ALJ determined that Plaintiff had the severe impairments of fibromyalgia, obesity, and diabetes mellitus onset September 2014. R. 50-54. The ALJ also found that Plaintiff's mental impairments of anxiety and depression were nonsevere in nature. R. 54-56. At step three, the ALJ found that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 57.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all her medically determinable impairments. R. 58-59. The ALJ found:

> [Plaintiff] has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) except with nonexertional limitations. [Plaintiff] can: lift/carry 20 pounds occasionally and 10 pounds frequently; walk/stand up to 6 of 8 hours with normal breaks; and sit for up to 6 of 8 hours. [Plaintiff] can never climb ladders, ropes or scaffolds and can only occasionally climb ramps/stairs. She can occasionally balance, stoop, kneel, crouch, and crawl. She can do no more than frequent handling bilaterally.

R. 58.

At step four, the ALJ considered the hearing testimony of a vocational expert ("VE") and found that Plaintiff was able to perform her past relevant work as a vocational

instructor. R. 60. The ALJ therefore determined that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant time period. R. 60; *see* 20 C.F.R. §§ 404.1520(a)(4)(iv), (f), .1560(b)(3). Plaintiff's request for review by the SSA Appeals Council was denied, and the unfavorable determination of the ALJ stands as the Commissioner's final decision. R. 1-6; *see* 20 C.F.R. § 404.981.

STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

In this action, Plaintiff complains that the ALJ failed to properly evaluate a medical opinion regarding Plaintiff's mental limitations and that this failure resulted in an RFC determination and a step-four finding that are not supported by substantial evidence. *See* Pl.'s Br. (Doc. No. 13) at 3-9. The Court agrees.

*A. The Relevant Record*

In August 2015, Plaintiff complained to her physician of stress, along with her ongoing physical complaints related to fibromyalgia and diabetes mellitus, and was prescribed an antidepressant medication. R. 335-37.

On October 15, 2015, Plaintiff was examined by Stephanie Crall, PhD. Dr. Crall then issued a consultative examination report ("CE Report"). R. 495-98 (Ex. 6F). In this report, Dr. Crall noted multiple normal findings but also diagnosed Plaintiff with Major Depressive Disorder, Moderate, and Generalized Anxiety Disorder. R. 495-97. Dr. Crall stated:

> In the opinion of this evaluator, [Plaintiff's] ability to engage in work-related mental activities, such as sustaining attention, understanding, and remember and to persist at such activities was likely adequate for simple and some complex tasks. In the opinion of this evaluator, depression and anxiety likely interfered with her ability to adapt to a competitive work environment, however.

R. 497.

In late 2015 and 2016, Plaintiff's depression was noted—though not consistently—by her treating physician, and she was prescribed an antianxiety medication. R. 524-26, 532, 537, 539, 541, 599, 601-02, 604, 605.

The state-agency psychologists who reviewed the medical evidence both discussed Dr. Crall's CE Report, specifically noting Dr. Crall's opinion that Plaintiff's ability to engage in and sustain work-like mental activities was "likely adequate for simple and some complex tasks" and that Plaintiff's "depression and anxiety likely interfered with her ability to adapt to a competitive work environment." R. 497; *see* R. 90 (Jason Gunter, PhD), 103 (Joy Kelley, PhD). Both reviewing psychologists additionally stated:

> [The medical evidence of record] establishes [medically determinable impairments] that produce no more than mild functional limitations. [Plaintiff] does not allege a mental condition but [the medical evidence of record] shows that she has carried these diagnoses for approximately the past year, with her recently initiating medication for them. Her history suggest[s] the symptoms are exacerbated by situational stress but do not provide continual functional impairment. The mental CE makes a vague statement about the potential of some limitations but the whole of the evidence support[s] her depression and anxiety being nonsevere.

R. 90, 103.

### B. *The Written Decision*

In her written decision, the ALJ summarized Dr. Crall's CE Report in the course of determining Plaintiff's medically determinable impairments at step two. R. 54-55. In finding that Plaintiff's mental impairments were nonsevere, the ALJ cited certain findings of the CE Report but did not assign specific weight to any of Dr. Crall's opinions. R, 55-56. The ALJ also stated that she gave "great weight" to the opinions of the state-agency reviewing psychologists, Dr. Gunter and Dr. Kelley. R. 56.

In the RFC determination, the ALJ did not discuss Plaintiff's mental impairments or any evidence related thereto, other than noting Plaintiff's testimony that her depression was one reason she was unable to return to work. R. 58. The ALJ's RFC determination

5

did not impose any mental limitations upon Plaintiff, and the step-four finding was that Plaintiff could perform the "skilled" work of a vocational instructor. R. 60.

*C. Discussion*

Plaintiff alleges that in failing to address Dr. Crall's medical opinion in determining the RFC, the ALJ failed to comply with Social Security Ruling 96-8p, which requires that "if the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Dr. Crall issued a medical-source opinion that Plaintiff's mental impairments would interfere with her ability to work and that she was suited for "simple and some complex tasks." R. 497. Because this opinion is in conflict with the RFC, Ruling 96-8p required the ALJ to explain why it was not adopted.

As noted, the ALJ did not assign a weight to Dr. Crall's opinions and, in assessing Plaintiff's RFC, did not discuss the limitations caused by any severe or nonsevere mental health impairment. Defendant still argues that the ALJ's discussion of Dr. Crall's opinions at step two was adequate, citing the state-agency psychologists' criticism of Dr. Crall's opinions as "vague" and alleging that the reasoning for the ALJ's omission of any mental limitations from the RFC is "reasonably discernable" from the remainder of the written decision. *See* Def.'s Br. (Doc. No. 14) at 8-9.

This argument is not persuasive. The ALJ assigned great weight to Dr. Gunter's and Dr. Kelley's opinion in the context of finding that Plaintiff's mental impairments were not severe, R. 56, but did not discuss them at all in finding that those impairments supported no related functional limitations. And the Court is not permitted to "discern[]" the rationale

6

of an ALJ's decision or to supply reasoning where none exists. *See Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005); *see also Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (noting that the ALJ must discuss "significantly probative evidence he rejects"); *Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) (noting that an examining-source opinion is presumed to be entitled to more weight than a reviewing-source opinion and that an ALJ must provide "specific, legitimate reasons" for rejecting the former).

In assessing a claimant's RFC, an ALJ must "consider the combined effect of all of the claimant's medically determinable impairments, *whether severe or not severe*." *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013); *see* 20 C.F.R. § 404.1545(a)(2). The ALJ did explicitly acknowledge at step two that the limitations identified in the "paragraph B" criteria as to mental impairments "are not a residual functional capacity assessment" and that the RFC assessment used at step four "requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments (SSR 96-8p)." R. 56 (noting that revised paragraph B criteria had taken effect by the time the written decision was issued). The ALJ failed to present this "more detailed assessment" in the RFC analysis, however. "In fact, the ALJ failed to engage in any analysis of mental functions or [Plaintiff's] nonsevere mental impairment[s] in [her] RFC discussion, limiting the discussion, instead, solely to [Plaintiff's] severe [physical] impairments." *Walling v. Berryhill*, 370 F. Supp. 3d 1306, 1312 (W.D. Okla. 2019); *see* R. 57-59. This was error.

The resulting question is whether the error may be viewed as harmless. When an ALJ disregards nonsevere mental impairments when assessing a claimant's RFC, such

7

error does not necessarily warrant remand if "the evidence in [the] case does not support assessing any functional limitations from mental impairments." *Alvey v. Colvin*, 536 F. App'x 792, 794 (10th Cir. 2013); *see Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (explaining that the application of harmless error is appropriate only under "exceptional circumstance[s]," where "based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way").

But even if the ALJ's discussion of Dr. Crall's CE Report at step two is seen as a sufficient criticism of Dr. Crall's opinion regarding Plaintiff's ability to adapt to a work environment, *see* R. 56, the ALJ fails to address that Dr. Crall limited Plaintiff to "simple and some complex" work tasks. R. 497. Such a limitation, if adopted, would preclude Plaintiff from performing the only job that was identified at step four. R. 60 (identifying the job of vocational instructor as "skilled" with an SVP of 7); *see Dictionary of Occupational Titles* 097.221-010, 1991 WL 646924 (4th rev. ed. 1991) (Instructor, Vocational Training). And such a limitation is reasonably supported by the record evidence: Plaintiff had received treatment and medications for her depression and anxiety, and Defendant points to no medical opinion from an examining or treating physician that differs from or conflicts with Dr. Crall's.

Accordingly, the Court finds that the ALJ erred in failing to consider Dr. Crall's CE Report in the RFC analysis, that the harmlessness of this error is "fairly debatable," and that remand is, therefore, required. *Alvey*, 536 F. App'x at 794; *see Allen*, 357 F.3d at 1145; *Walling*, 370 F. Supp. 3d at 1311-14; *see also Washington v. Shalala*, 37 F.3d 1437,

1439 (10th Cir. 1994) ("Failure . . . to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." (internal quotation marks omitted)).

CONCLUSION

The decision of the Commissioner is reversed and the case remanded for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). A separate judgment shall be entered.

IT IS SO ORDERED this 23rd day of September, 2019.

_____
CHARLES B. GOODWIN
United States District Judge