## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHERYL SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-493-G |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On September 23, 2019, the Court entered a Judgment reversing the decision of the Commissioner of the Social Security Administration ("SSA") and remanding this case for further administrative proceedings.  *See* J. (Doc. No. 16); *see also Scott v. Saul*, No. CIV-18-657-G, 2019 WL 4643996 (W.D. Okla. Sept. 23, 2019).  Plaintiff Cheryl Scott now moves for an award of attorney's fees in the amount of $5753.40 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412 et seq.  *See* Pl.'s Mot. (Doc. No. 17); Pl.'s Br. (Doc. No. 18).  Defendant has responded to the Motion (Doc. No. 19), and the matter is now at issue.

### I.    *Attorney Fee Awards Under the EAJA*

Section 2412(d) of the EAJA provides that a prevailing party other than the United States shall be awarded reasonable fees in a civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A), (d)(2)(A).  The "position of the United States" includes not only the position taken by the government in the present civil action

but also "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D).   "[T]he required 'not substantially justified' allegation imposes no proof burden on the fee applicant"; "the Government is aware, from the moment a fee application is filed, that to defeat the application on the merits, it will have to prove its position 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 403 (2004); *accord Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007).   To make this showing, the government must prove that its case "had a reasonable basis in law and in fact." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).   The term "substantially justified" has been defined as "'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'"   *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also* 28 U.S.C. § 2412(d)(1)(B) (prescribing that whether the government's position was substantially justified is determined based on the record before the court, including the record of the agency's action or failure to act upon which the civil action was based).

## II.   Discussion

### A.   Whether Plaintiff Is the Prevailing Party

As noted above, the Court previously reversed the Commissioner's decision denying Plaintiff's application for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401-434.   Having obtained reversal and remand under sentence four of 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" for purposes of the EAJA. *See* J. at 1; 28 U.S.C. § 2412(d)(2)(B); *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

### B.  *Whether the Government's Position Was Substantially Justified*

In the administrative proceedings below, the administrative law judge ("ALJ") failed to properly consider Plaintiff's mental impairments and the related evidence. Specifically, the ALJ did not weigh the medical opinions of the consultative examiner or the limitations set forth in those opinions.  *See Scott*, 2019 WL 4643996, at *3.  Further, the ALJ assigned great weight to two state-agency psychologists' opinions "in the context of finding that Plaintiff's mental impairments were not severe" "but did not discuss them at all in finding that those impairments supported no related functional limitations.  *Id.*  "In fact, the ALJ failed to engage in any analysis of mental functions or . . . nonsevere mental impairments in her RFC discussion."  *Id.* (alterations and internal quotation marks omitted).  The Court found that the ALJ's error could not be excused as harmless and that reversal was required.  *See id.* at *4.

Defendant does not argue, and thus has not shown, that the United States' position before the SSA and this Court was substantially justified.  *See* Def.'s Resp. at 4 n.2; 28 U.S.C. § 2412(d)(1)(A), (d)(1)(B), (d)(2)(D).

### C.  *Plaintiff's Requested Hourly Rate*

An attorney's fee award under the EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A).  Plaintiff has requested an upward adjustment of this statutory rate, and Defendant does not challenge the hourly attorney fees requested by Plaintiff.  The Court takes judicial notice of the fact that SSA's Office of General Counsel ("OGC") in Denver has agreed as a matter of policy that $202.00 is a reasonable hourly

rate for attorney work performed in 2018, and $204.00 is a reasonable hourly rate for attorney work performed in 2019, on Social Security cases in the Western District of Oklahoma. *See* Pl.'s Br. Ex. 1, Mem. from Denver OGC Office Regarding Soc. Sec. Litig. in Okla. & N.M. (Aug. 14, 2019) (Doc. No. 18-1). Plaintiff therefore is entitled to an upward adjustment of the statutory rate consistent with the evidence provided.

Plaintiff also may recover "paralegal fees from the Government at prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008). Plaintiff requests an hourly rate of $110.00 for paralegal work performed in 2018 and 2019. *See* Pl.'s Mot. Ex. 1 (Doc. No. 17-1) at 1-3. Defendant does not object to this proposed hourly rate, and the Court finds that it is consistent with the prevailing market rates in the Western District of Oklahoma for this time period. *See Vincent v. Berryhill*, 247 F. Supp. 3d 1228, 1233 (W.D. Okla. 2017); *Prince v. Berryhill*, No. CIV-15-933-G, 2018 WL 1249908, at *3 (W.D. Okla. Mar. 9, 2018).

### D. Whether Plaintiff's Fee Request Is Reasonable

The Court is aware of no special circumstances that would make an award of attorney's fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Thus, the only remaining issue is the reasonableness of Plaintiff's fee request, which totals $5753.40. *See id.* § 2412(d)(1)(A), (d)(1)(B), (d)(2)(A). In exercising good billing judgment, "counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Presley v. Shinseki*, No. 12-1961-E, 2014 WL 2069643, at *2 (Vet.

App. May 20, 2014) ("The public fisc should not shoulder the burden of unreasonable billing under the guise of 'industry norms.'").

Defendant argues that Plaintiff's time sheets reflect an unreasonable amount of time spent on certain legal and paralegal tasks. The Court agrees in part.

Plaintiff's request includes compensation for 21.00 hours of attorney time spent on preparation and drafting of Plaintiff's opening brief. *See* Pl.'s Mot. Ex. 1, at 2 (Attorney Time entries from August 30, 2018, to October 11, 2018). Defendant asserts that this request is excessive because Plaintiff's "short, nine-page opening brief" raised "only one issue, which was neither novel nor complex," relied on oft-cited authorities, and scarcely touched upon the medical evidence. Def.'s Resp. at 4-5. Having reviewed the brief, *see* Doc. No. 13, the Court agrees that 21.00 hours is unreasonable. This aspect of Plaintiff's request will be reduced to 15.00 hours at the applicable $202.00/hour rate, for an award of $3030.00. *Cf. Yandell v. Colvin*, No. CIV-14-1151-STE, 2016 WL 4250466, at *2 (W.D. Okla. Aug. 10, 2016) (reducing a requested award and stating that a 21-page ALJ decision "should have taken no longer than one hour to read" "at the most").

The Court has considered Defendant's remaining challenges to Plaintiff's requested attorney fees and paralegal fees but disagrees that Plaintiff's request reflects excessive or noncompensable billing. The Court therefore will grant Plaintiff's request subject to the deduction noted above.

## CONCLUSION

Having considered the parties' arguments as well as the relevant record, the Court concludes that: (1) Plaintiff is a prevailing party; (2) the government's position was not

substantially justified; (3) there are no special circumstances that make an award of fees unjust in this case; and (4) the amount of the fee requested, as adjusted herein, is reasonable. The Court therefore GRANTS IN PART Plaintiff's Motion (Doc. No. 17) and awards attorney's fees under the EAJA in the amount of $4541.40, with said amount to be paid directly to Plaintiff and sent in care of Miles Mitzner, P.O. Box 5700, Edmond, Oklahoma 73083-5700.  If attorney's fees are also awarded under 42 U.S.C. § 406(b), Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 22nd day of December, 2020.

CHARLES B. GOODWIN
United States District Judge