## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CHERYL SCOTT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-18-493-G** |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.**[1] | ) | |

## ORDER

Now before the Court is Plaintiff Cheryl Scott's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. No. 23), filed through Plaintiff's counsel Miles Mitzner.

On September 23, 2019, the Court entered a Judgment reversing the decision of the Commissioner of the Social Security Administration ("SSA"), which had denied Plaintiff's application for disability insurance benefits ("DIB"), and remanding the case for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). *See* J. (Doc. No. 16) at 1. On remand, the Social Security Administration issued a favorable decision on Plaintiff's DIB application and found that Plaintiff was entitled to benefits beginning in June 2015. *See* Pl.'s Mot. Att'y Fees at 1-2; *id.* Ex. 2, Notice of Award (Doc. No. 23-2) at 1. The Notice of Award states that Plaintiff is entitled to past-due benefits and that 25 percent, or $19,485.91, of those past-due benefits has been withheld to be applied toward her attorney's fees. *See* Notice of Award at 3.

---

[1] The Acting Commissioner is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

Subsection 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).  Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant.  *Id.*  This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  For a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered."  *Id.*

In his Motion, Plaintiff's counsel requests a fee award of 25 percent of Plaintiff's total past-due benefits, which is the percentage contemplated in the fee agreement between Plaintiff and Plaintiff's counsel.  *See* Pl.'s Mot. Att'y Fees Ex. 1 (Doc. No. 23-1) at 1.  The Commissioner has responded that he has no objection to Plaintiff's counsel's request.  *See* Def.'s Resp. (Doc. No. 24) at 1-2.  The Commissioner correctly notes, however, that the Court previously awarded $4541.40 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and that if fees are now awarded pursuant to § 406(b) Plaintiff's counsel must refund the lesser EAJA award to Plaintiff.  *See id.* at 3; Order of Dec. 22, 2020 (Doc. No. 21) at 6; *McGraw v. Barnhart*, 450 F.3d 493, 497 & n.2 (10th Cir. 2006).

2

The Commissioner further notes that—unmentioned in Plaintiff's Motion—the Court previously found that the request for compensation for 21.00 hours billed by Mr. Mitzner for "preparation and drafting of Plaintiff's opening brief" was unreasonable. *See* Order of Dec. 22, 2020, at 5. The Court therefore limited that aspect of Mr. Mitzner's request to 15.00 hours and reduced the EAJA fee award accordingly. *See id.*

The time sheets submitted in support of the instant Motion are identical to those previously rejected by the Court. *See* Pl.'s Mot. Ex. 3 (Doc. No. 23-3) (reflecting 21.00 hours of work on the opening brief billed between August 30, 2018, and October 11, 2018). Plaintiff's counsel has offered no explanation for renewing his unreasonable request and has offered no explanation as to why the excess time spent is eligible under the standards applied to a § 406(b) fee request. Accordingly, the Court will again reduce the hours upon which it shall consider Mr. Mitzner's fee award by 6.00 hours. *See* Order of Dec. 22, 2020, at 5; *Gisbrecht*, 535 U.S. at 807.

Having carefully reviewed the parties' submissions, the Court finds that Mr. Mitzner's requested award of $19,485.91 should be correspondingly decreased. Beginning with a $202.00 hourly rate for the 6.00 unapproved hours, *see* Order of Dec. 22, 2020, at 3-4, and then applying the 2.7 multiplier referenced by Mr. Mitzner, *see* Pl.'s Mot. Att'y Fees at 5, the Court concludes that Mr. Mitzner's request should be reduced by $3272.40. The resulting award of $16,213.51, which is approximately 21% of the past-due benefit award, is a reasonable fee award for the work performed in this case in view of the contingent nature of the representation, the applicable attorney-fee agreement, and the results achieved. While before the Court, Mr. Mitzner filed a detailed opening brief,

presenting a well-support argument as to why the administrative law judge erred in denying Plaintiff's DIB claim.  *See* Doc. No. 13.  The Commissioner filed a brief in opposition, which Mr. Mitzner was required to review.  *See* Doc. No. 14; Pl.'s Mot. Att'y Fees Ex. 3, at 2.

Calculated as per the above, the 20.35 attorney hours spent litigating Plaintiff's disability case in federal court would result in an effective hourly rate of $739.81 with respect to the relevant portion of the requested § 406(b) fee.  *See* Pl.'s Mot. Att'y Fees at 3-7; *id.* Ex. 3, at 2; Def.'s Resp. at 2; *see also Gisbrecht*, 535 U.S. at 793, 808 (rejecting the "lodestar" method of calculating fee awards under § 406(b) but noting that the district court may consider the hours spent and other factors in contingency-fee cases to help assess "the reasonableness of the fee yielded by the fee agreement"); *cf. Harlan v. Colvin*, No. CIV-13-477-D, 2015 WL 9295809, at *1 (W.D. Okla. Dec. 18, 2015) (awarding $17,429.22 where the putative rate was between $517.95 and $632.64 per hour).  While a large sum, Plaintiff's past-due benefit award was likewise significant.  Plaintiff and Mr. Mitzner agreed that the latter may collect attorney's fees for representation before the Court in the amount of the currently pending request, and the Court finds the unopposed request reasonable under the circumstances of this case.  *See* Pl.'s Mot. Att'y Fees Ex. 1, at 1; *cf. Boatman v. Astrue*, No. CIV-12-184-M (W.D. Okla. Sept. 3, 2015) (order approving § 406(b) award where putative rate was approximately $788.64 per hour).

Accordingly, Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. No. 23) is GRANTED IN PART AND DENIED IN PART.  Plaintiff's attorney Miles Mitzner is awarded attorney's fees in the amount of $16,213.51, to be paid out of the past-

due benefits Plaintiff received by reason of the remand and favorable decision in this case. *See* 42 U.S.C. § 406(b)(1)(A).  The Social Security Administration shall pay this amount directly to: Miles Mitzner, Mitzner Law Firm, 809 E. 33rd Street, Edmond, Oklahoma, 73013.  Upon payment, Mr. Mitzner shall promptly refund to Plaintiff the $4541.40 previously awarded under 28 U.S.C. § 2412.  *See* Order of Dec. 22, 2020, at 6; *McGraw*, 450 F.3d at 497 & n.2.

IT IS SO ORDERED this 15th day of December, 2021.

CHARLES B. GOODWIN
United States District Judge